```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------
BARBARIAN RUGBY WEAR, INC.,

              Plaintiff,

       - against -

PRL USA HOLDINGS, INC.,

              Defendant.
--------------------------------

06 Civ. 2652 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

    The Court has reviewed the Report and Recommendation of Magistrate Judge Freeman dated February 24, 2009. Magistrate Judge Freeman recommended that the Court grant the motion of defendant PRL USA Holdings, Inc. ("PRL") to preclude the plaintiff Barbarian Rugby World ("Barbarian") from seeking damages from PRL under Section 38 of the Lanham Act, 15 U.S.C. § 1120. Barbarian filed objections to the Report and Recommendation and the Court has considered the recommended disposition de novo. See Fed. R. Civ. P. 72(b).

    The Court adopts the thorough Report and Recommendation of Magistrate Judge Freeman and therefore concludes that in this case Barbarian is not entitled to recover damages from PRL under Section 38 of the Lanham Act because the only damages it has sought are its attorneys fees and costs and those fees and costs are not recoverable in this case. Barbarian has made no showing that it could recover such costs under the narrow exception in

Blue Bell v. Jaymar-Ruby, Inc., 497 F.2d 433, 439 (2d Cir. 1974), for a case where an "absolutely false registration was fraudulently obtained solely for the purpose of instituting completely vexatious litigation . . . ."

While the Magistrate Judge noted that it might be possible to distinguish pre-litigation costs and attorneys' fees from litigation costs and attorneys' fees, the Magistrate Judge ultimately rejected such a distinction, and Barbarian conceded in its objections that no such distinction is warranted. (Objections at 2 n.1.)  Barbarian also conceded that all of its purported damages under Section 38 are in the nature of attorneys' fees and costs so that precluding such evidence means that it has no such damages.

The Magistrate Judge recommended that any evidence of Barbarian's attorneys' fees and costs should be precluded because it was irrelevant to the issue of damages, and any probative value of any such evidence would be substantially outweighed by the danger of unfair prejudice before the jury under Federal Rule of Evidence 403.  Barbarian now points out that the parties have stipulated to waive a jury trial. However, the Magistrate Judge pointed out that Barbarian had not offered any reason that the attorneys' fees and costs would be relevant and that remains true.  The Magistrate Judge also pointed out that Barbarian would not be prevented from making an

2

appropriate fee application under Section 35 of the Lanham Act, 20 U.S.C. § 1120, should it prevail in this case. That remains true. Of course, if Barbarian asserts any other basis for introducing evidence of attorneys' fees and costs, Barbarian can make such application. But, based on the current record, Barbarian has failed to show that any evidence of such fees and costs would be relevant to any issue at trial.

Therefore, PRL's motion to preclude Barbarian from seeking damages from PRL pursuant to Section 38 of the Lanham Act is **granted**. The Clerk is directed to close Docket No. 91.

SO ORDERED.

Dated:  New York, New York
        March 31, 2009

_____
John G. Koeltl
United States District Judge